UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

MERRILL LYNCH BUSINESS
FINANCIAL SERVICES, INC.,

CASE NO. 02-61191-CIV-HUCK
Magistrate Judge Turnoff

Plaintiff,

v.

FRANK L. AMODEO and JAMES
SADRIANNA,

Defendants.
_____/

## MOTION FOR MORE DEFINITE STATEMENT

Comes now, FRANK L. AMODEO, defendant in the above-styled action and moves the Court to require the plaintiff, MERRILL LYNCH BUSINESS FINANCIAL SERVICES, INC., to file a more definite statement in support of such motion the Court as follows:

1. AMODEO is a defendant named in a complaint filed by MERRILL LYNCH BUSINESS FINANCIAL SERVICES, INC. on or about August 22, 2002.

2. The complaint sounds in fraud.

3. The allegations of fraud are by reference incorporated into each and every count.

4. The complaint seems to allege there was a transfer of assets before April 30, 2002 which were property of plaintiff. The assets are described categorically and not specifically. AMODEO cannot form an answer without knowing the particular accounts to which plaintiff refers.



1

5. Thus, AMODEO requests relief under Rule 9(b) to require that the plaintiff make its averments of fraud with particularity.

6. If the plaintiff will specify the nature of the allegedly "Transferred Assets", the time of the transfer and the party to whom the assets were transferred, it will permit Amodeo to respond specifically and could clarify issues regarding standing of Plaintiffs, subject matter jurisdiction, venue, joinder, and failure to state a claim.

7. Further, requiring the plaintiff to state with particularity the matter of the fraudulent transfers will meet the objectives of 9(b) protecting Amodeo from additional undue harm to reputation, providing detailed notice of the claim will in this instance assure plaintiff is not engaged in either a strike suit (<u>Guidry v. Bank La Place</u>, 954 F.2d 278 (5th Cir. 1992) nor a "fishing expedition."

8. Finally, such specificity would meet the general policy of judicial economy and minimize unnecessary cost to the parties since Amodeo would be able to address specifically whether Amodeo knew the assets existed, whether Amodeo was aware of the transfer and if aware, what consideration was received for the transfer.

WHEREFORE, Amodeo respectfully requests that the Court require the plaintiff to amend its complaint in accordance with Rule 9(b) and make its averments with sufficient particularity to permit Amodeo to respond with specificity while preserving his rights to affirmative defenses and otherwise or such other relief as the Court deems fair, equitable, or appropriate.

## CERTIFICATE OF SERVICE

I CERTIFY that a copy of the foregoing has been furnished by fax and mail to plaintiff, care of JOHN A. ANTHONY, ESQUIRE, GRAY, HARRIS, & ROBINSON,

P.A., Post Office Box 3324, Tampa, Florida, 33601, (813) 273-5145 on September 23, 2002.

/s/ Frank Amodeo
FRANK AMODEO, Pro Se
1311 Hoffner Avenue
Orlando, Florida 32809-3515
Telephone: (407) 582-0984