IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
Case No. 02-61191-CIV-HUCK

MERRILL LYNCH BUSINESS FINANCIAL
SERVICES INC.,

        Plaintiff,

vs.

FRANK L. AMODEO and JAMES
SADRIANNA,

        Defendants.
_____/

NIGHT BOX
FILED

NOV 19 2002

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

## MOTION TO STRIKE AND SUPPORTING MEMORANDUM OF LAW

Pursuant to Federal Rules of Civil Procedure 7, 8, 10(b), 11, 12(f), and other applicable law, the Plaintiff, Merrill Lynch Business Financial Services, Inc. ("Merrill Lynch"), by and through its undersigned attorney, hereby moves this Court for an order striking the following motions filed by the Defendant, James Sadrianna for failing to meet the required candor of this Court:

    a)    Motion to Dismiss for Failure to Allege Facts with Particularity Pursuant to Rule 9(b) Federal Rules of Civil Procedure

    b)    Motion for Order Requiring Joinder of Persons Needed for Just Adjudication or for Dismissal under Rule 19, Fed. R.Civ.P.(2002); Alternative Motion to Transfer Action to Bankruptcy Court of District Court, Middle District of Florida, for the Convenience of the Parties and Witnesses, Pursuant to 28 U.S.C. s.1404;

    c)    Memorandum in Support Motion for Order Requiring Joinder of Persons Needed for Just Adjudication or for Dismissal under Rule 19,



Fed. R.Civ.P.(2002); Alternative Motion to Transfer Action to Bankruptcy Court of District Court, Middle District of Florida, for the Convenience of the Parties and Witnesses, Pursuant to 28 U.S.C. s.1404;

and the following motions filed by Frank L. Amodeo for violating the Local Rules of the United States District Court for the Southern District of Florida and the Federal Rules of Civil Procedure:

a) Motion to Transfer Action

b) Motion to Require Joinder of Indispensable Parties

c) Motion to Dismiss for Failure to state a Cause of Action

d) Motion to Dismiss for Failure to State a Claim upon which Relief Can Be Granted

e) Motion for Status Conference;

f) Memorandum in Support of Rule 9(B) Motion for a More Definite Statement; and

g) Notice of Non-Bankruptcy Court Activity Relevant to this Action,

and in support thereof state:

### A. Allegations in regard to James Sadrianna

1. The Defendant James Sadrianna has filed numerous complex motions in response to our Complaint seeking relief under various provisions of the Local Rules for the United States District Court for the Southern District of Florida, Federal Rules of Civil Procedure, United States Code and case law.

2. It is apparent from the substance of his motions, the legalese, phraseology, cites and volume of motions filed in this action, that the Defendant, Sadrianna, may have an attorney assisting

him in the preparation of his motions which were then filed by him as a pro se litigant in this action.

3.  Ghost writing is "grounds for striking of pleadings and a violation of candor owed to the Court in its administration of justice." Johnson v. Board of Count Commr., 868 F. Supp. 1226 (D.So. 1994). The practice of filing pro se pleadings which are actually prepared by a legal advocate taints the legal process and creates a disparity between the parties. The ghost writing process is grossly unfair to the Plaintiff where the pro se litigant is able to take advantage of the more lenient standard afforded to pro se litigants, yet able to invoke legal theories and doctrines that clearly emanate from a legal mind. It appears that the Defendant Sadrianna may have also violated Rule 11 of the Federal Rules of Civil Procedure by refusing to reveal the true identity of the author of his pleadings and motions.

4.  It is the duty of attorneys, as officers of the court, to be candid and honest with the tribunal before which they appear. When an attorney has the client sign a pleading that the attorney prepared, the attorney creates the impression that the client drafted the pleading. This violates both Rule 11 of the Federal Rules of Civil Procedure requiring every pleading by signed at least one attorney of record and the duty of candor and honesty to the Court.

5.  Accordingly, Merrill Lynch moves to strike the Defendant Sadrianna's motions and pleadings on the basis that having a ghost writer is not engaging in complete candor with the Court, prejudices the plaintiff and allows the Defendant to have the luxury of relaxed rules of civil procedure along with the benefit of legal counsel.

### B. Allegations relating to Frank L. Amodeo

6.  In regard to Mr. Amdeo, the form of the motions he has filed fails to comply with the Local Rules of the United States District Court for the Southern District of Florida and the Federal Rules of Civil Procedure. Specifically: the Defendant Amodeo's Motions referenced above in

paragraphs a) through g) violate the required filing format as set forth in Local Rule 5.1.

7.  Moreover, Local Rule 7.1 specifically requires that every motion served "shall include or be accompanied by a memorandum of law citing supporting authorities" except for the motions enumerated therein. Yet, the motions served by Amodeo are not enumerated as an exception and fail to include a Memorandum of Law citing supporting authorities.

9.  Also, Mr. Amodeo filed his Memorandum of Law in Support of Rule 9(B) Motion for a More Definite Statement forty four (44) days *after* the motion was filed in violation of Local Rule 7.1(a). Mr. Amodeo has violated numerous local and federal rules and therefore, his motions enumerated above in paragraphs a) through g) should be stricken. The Defendants should not be allowed more lenient standards or rules than the plaintiffs and the benefit of legal counsel, advise and legal writings.

10.  The "Federal Rules expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule." State Exchange Bank v. Hairline, 693 F.2d 1350 (11th Cir. 1982)(Court did not abuse discretion in striking affirmative defenses and counterclaims due to violations of pretrial orders); McCorstin v. U.S. Dept. of Labor, 630 F.2d 242 (5th Cir. 1980)(stating that "although no court can expect same measure of competency from pro se litigants as from lawyers . . . it was not an abuse of discretion for . . . court to order pleadings stricken."); Fed.R.Civ.P. 41(b)-(c). "In addition to the federal rules, this power, as well as the power to strike a pleading, in inherent in a . . . court's authority to enforce its orders and ensure prompt disposition of legal actions." State Exchange Bank at 1352.

11.  Moreover, the Defendant's Notice of Non-Bankruptcy Court Activity Relevant to this Action is nothing more than unsworn testimony by Amodeo. Amodeo is attempting to use his pro se status to submit unsworn testimony to the court in violation of the Federal Rules of Civil

Procedure. This type of unsworn testimony is inadmissible evidence and should not be allowed.

12. Based on the above, the Plaintiff, Merrill Lynch, requests that this Court strike the defendants' above referenced motions and memorandum of law for failing to exercise candor with the tribunal and failure to comply with the required rules of civil procedure in form.

WHEREFORE, Merrill Lynch requests this Court to enter an order striking Frank L. Amodeo's following motions and memorandum of law:

a) Motion to Transfer Action
b) Motion to Require Joinder of Indispensable Parties
c) Motion to Dismiss for Failure to state a Cause of Action
d) Motion to Dismiss for Failure to State a Claim upon which Relief Can Be Granted
e) Motion for Status Conference;
f) Memorandum in Support of Rule 9(B) Motion for a More Definite Statement; and
g) Notice of Non-Bankruptcy Court Activity Relevant to this Action,

and the following motions filed by the Defendant James Sadrianna:

a) Motion to Dismiss for Failure to Allege Facts with Particularity
b) Motion for Order Requiring Joinder of Persons Needed for Just Adjudication or for Dismissal under Rule 19, Fed. R.Civ.P.(2002); Alternative Motion to Transfer Action to Bankruptcy Court of District Court, Middle District of Florida, for the Convenience of the Parties and Witnesses, Pursuant to 28 U.S.C. s.1404;
c) Memorandum in Support Motion for Order Requiring Joinder of Persons Needed for Just Adjudication or for Dismissal under Rule 19, Fed. R.Civ.P.(2002); Alternative Motion to Transfer Action to Bankruptcy Court of District Court, Middle District of Florida, for the Convenience of the Parties and Witnesses, Pursuant to 28 U.S.C. s.1404;

Dated November 19, 2002.

                                          */s/ Christine Hoke*
                                 **JOHN A. ANTHONY, ESQUIRE**
                                 Florida Bar Number: 0731013
                                 **CHRISTINE M. HOKE, ESQUIRE**
                                 Florida Bar Number: 094412
                                 Gray, Harris & Robinson, P.A.
                                 Post Office Box 3324
                                 Tampa, Florida 33601
                                 Telephone: 813/273-5000
                                 Telecopier: 813/273-5145
                                 janthony@grayharris.com
                                 Attorneys for Merrill Lynch Business Financial Services Inc.

#534685

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via facsimile to Mr. James Sadrianna at 407/351/1407, 10025 Chatham Oaks Court, Orlando, Fl 32836 and via U.S. Mail to Frank Amodeo, 2876 S. Orange Ave., Ste. 500 PMB 1810, Orlando, Fl 32806 on this 19th day of November, 2002.

                                          */s/ Christine Hoke*
                                          Christine M. Hoke