UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 02-61191-CIV-HUCK

MERRILL LYNCH BUSINESS FINANCIAL
SERVICES, INC.

    Plaintiff,

vs.

FRANK L. AMODEO and JAMES
SADRIANNA,

    Defendants.
_____/



### SADRIANNA'S RESPONSE TO MOTION TO STRIKE AND COURT'S ORDER TO ADVISE COURT WHETHER SADRIANNA IS BEING ASSISTED BY COUNSEL IN PREPARING DOCUMENTS FILED WITH THE COURT

Response to Motion to Strike

Defendant, James V. Sadrianna (hereinafter "Sadrianna"), pursuant to the Courts Order to respond to Plaintiff's, Merrill Lynch Business Financial Services, Inc. ("Merrill Lynch") Motion to Strike on or about November 29, 2002, hereby moves this Court for an order to deny Merrill Lynch's Motion to Strike the following Motions:

a) Motion to Dismiss for Failure to Allege Facts with Particularity Pursuant to Rule 9(b) Federal Rules of Civil Procedure;

b) Motion for Order Requiring Joinder of Persons Needed for Just Adjudication or for Dismissal under Rule 19, Fed.R. Civ. P. (2002); Alternative Motion to Transfer Action to Bankruptcy Court or District Court, Middle District of Florida, for the Convenience of the Parties and Witnesses, Pursuant to 28 U.S.C. §1404(a);

c) Memorandum in Support of Motion for Order Requiring Joinder of Persons Needed for Just Adjudication or for Dismissal under Rule 19, Fed.R. Civ. P.



1

(2002); Alternative Motion to Transfer this Action to the United States Bankruptcy Court, Middle District of Florida or to the United States District Court, Middle District of Florida, for the Convenience of the Parties and Witnesses Pursuant to 28 U.S.C. §1404(a).

Sadrianna gives notice of filing of the Affidavit of A. Clifton Black, Esq. ("Black Affidavit") in the above captioned matter (See Exhibit A).

Sadrianna does agree with Merrill Lynch that the substance of his motions, the legalese, phraseology, cites and volume of motions filed in this action would lead a reasonable party to believe that such motions were prepared with the assistance of counsel. Mr. Sadrianna is an attorney, not licensed in Florida and did seek the assistance of counsel in the preparation of the motions enumerated above. Such assistance was not akin to "ghost writing" but more of a joint collaboration between Sadrianna and Black.

Sadrianna does not agree with Merrill Lynch's allegations that Sadrianna may have violated Rule 11 of the Federal Rules of Civil Procedure by refusing to reveal the true identity of the author of his pleadings and motions. The Florida Bar Opinion that Sadrianna relies on in the attached Memorandum of Law does not indicate that a name needs to be revealed. Sadrianna has attached Black's Affidavit in order to clarify the facts surrounding Merrill Lynch's allegations and to advise the Court as to the legal advise and assistance rendered.

Sadrianna does agree with Merrill Lynch that it is the duty of attorneys, as officers of the court, to be candid and honest with the tribunal before which they appear. Sadrianna believes that Black's Affidavit meets that standard. As stated in Paragraph 12 of Black's Affidavit "the points raised in the motions and all of the rules and cases cited in the

motions and memoranda had been thoroughly discussed, reviewed, and in many cases substantially revised after intensive joint collaboration". This is not a case where Black prepared the motion and Sadrianna signed what Black prepared.

Sadrianna is of the belief that Black did not engage in "ghost writing" and that the Court has not in any way relaxed its rules of civil procedure toward Sadrianna. The Court has in fact instructed Sadrianna to comply with the Local Rules, which he has used his best efforts to do.

If Sadrianna had been aware of the requirement to indicate on his motions "Prepared with Assistance of Counsel" Sadrianna would have complied.


Courts Order to Advise Court Whether Sadrianna is Being Assisted by Counsel

Sadrianna in accordance with S.D. Fla. L.R. 11.1C and Florida Bar Advisory Opinion 79-7, 2000 W.I. 706048 (Fla. Bar. Committee on Professional Ethics, February 15, 2000) hereby advises the Court that Sadrianna's Motions referred to in Merrill Lynch's Motion to Strike and enumerated above should have indicated "Prepared with Assistance of Counsel". If Sadrianna is to seek the assistance of counsel in the preparation of future pleadings or other papers filed with this Court, Sadrianna will indicate, "Prepared with Assistance of Counsel" as required by the Local Rules and the Florida State Bar Association.


Respectfully submitted,

I HERBY CERTIFY that a true and correct copy of the foregoing has been furnished by Express Mail this 25th day of November, 2002 to Counsel for Merrill Lynch, John A. Anthony, Esquire., Gray, Harris, Robinson, Shackleford, Farrior, P. O. Box 3324, Tampa, FL 33601 and to Frank L. Amodeo, 2876 S. Orange Avenue, Suite 500 PMB 1810, Orlando, FL 32806.

                                                James Sadrianna  
                                                10025 Chatham Oaks Court  
                                                Orlando, FL 32836  
                                                Phone      407-351-5033  
                                                Facsimile   407-351-1407

**EXHIBIT "A"**

AFFIDAVIT

STATE OF FLORIDA
COUNTY OF OSCEOLA

Before me, the undersigned authority, appeared A. Clifton Black, who being sworn, deposed and said as follows:

1. I am an attorney licensed to practice in the State of Florida, Florida Bar No.: 145837 (1972).

2. I have been requested by James V. Sadrianna to advise the Court as to legal advice and assistance rendered to Mr. Sadrianna in September and October of 2002 in connection with a civil action in which he is a named defendant.

3. On or about September 18, 2002, Mr. Sadrianna and I had discussions about my possible representation of him in this action.

4. After an initial investigation of facts and legal issues and a determination that there was a meritorious defense, I agreed to represent Mr. Sadrianna in this action, conditioned, however, upon a requirement that Mr. Sadrianna provide assurances for compensation for services to be rendered in the form of a substantial retainer.[1]

5. In the two weeks following our initial meetings, Mr. Sadrianna went about the business of attempting to raise the retainer and, I would assume, to consult other attorneys. Given the approaching deadlines, the complexity of the issues, and the pursuit by Mr. Sadrianna of available financial resources, I began conducting the necessary research and investigation, and ultimately, the preparation of drafts of what appeared to

---

[1] I often represent clients in state court with little or no retainer, where, as here, I feel that there is a meritorious defense and that the need for qualified representation is acute. However, the situation is different in federal court for two reasons: 1) the cost of representation of a civil litigant in federal court in a complex case such as this is considerable; 2) counsel are generally permitted to withdraw in state court if clients become unable to compensate attorneys for services and reimbursement of costs; such is not now

1

me to be several important motions that ought to be filed by Mr. Sadrianna on or before the filing of his answer.

6. As of the first week of October, 2002, it had become apparent that the financial arrangements being pursued by Mr. Sadrianna would not likely be culminated on or before the required answer date, and that even with those arrangements, there was a question as to whether the required retainer could be raised.

7. At this point, on or about October 4-5, 2002, I had transmitted drafts of various proposed motions for Mr. Sadrianna's review, and there had been substantial revisions and modifications based upon his review and input.

8. My choice at that point was to withhold the final drafts of various motions which had been prepared and to instruct Mr. Sadrianna to discard and destroy any of the materials and information which I had provided to him (although Mr. Sadrianna had long since received drafts and revisions of the various motions as well as citations of cases); or alternatively, to continue to assist him and to transmit to him revised drafts of the motions and memoranda for his review.[2] I felt that the former alternative of leaving Mr. Sadrianna in the lurch at the 11th hour would have been unconscionable under the circumstances. Moreover, Mr. Sadrianna had agreed to compensate me for services rendered on his behalf if and when he became financially able to do so. I therefore, rightly or wrongly, opted for the second alternative and continued to assist Mr. Sadrianna up to his filing deadlines.

9. At the same time, it did not appear to me that I had somehow, by my

---

generally the case in federal court. In a case such as this there is a profound risk of financial ruin of the attorney should the client run out of money during the litigation proceedings.

[2] Of course, in retrospect, I now know that items on which I rendered assistance should have carried a disclosure of my participation.

conduct, acquired a duty to formally appear in the case on Mr. Sadrianna's behalf and to commit to represent him through the entirety of this complex litigation matter, absent assurances of compensation for services to be extended throughout the case on his behalf.

10. On November 20, 2002, Mr. Sadrianna furnished me with a copy of plaintiff's motion to strike his pleadings, motions and memoranda, including the cited case of Johnson v. Board of County Commissioners, 868 F. Supp. 1226 (D. Colo. 1994), as well as the more recent case with similar facts, Somerset Pharmaceuticals, Inc. v. Kimball, 168 F.R.D. 69 (M.D. Fla. 1996). I have also since reviewed Florida Bar Advisory Opinion 79-7, 2000 W. L. 706048 (Fla. Bar Committee on Professional Ethics, February 15, 2000) [attached hereto].

11. It had never occurred to me while assisting Mr. Sadrianna that either he or I were engaging in improper or misleading conduct. I have never previously had occasion to render legal advice and assistance to a *pro-se* litigant under the circumstances of this case, and was not aware of the basis in reasoning of the foregoing decisions and Bar opinion.

12. Unlike the situation in Johnson, supra., at no point in my assistance of Mr. Sadrianna did it appear to me that I was "ghost-writing" for him or "spoon-feeding" him legal concepts of which he was otherwise unaware or unfamiliar. Mr. Sadrianna is an attorney, although not licensed in Florida. Although the final motions and memoranda filed by Mr. Sadrianna may have varied little from the final drafts which I transmitted to him on or about October 5 or 6, 2002, all the points raised in the motions and all of the rules and cases cited in the motions and memoranda had been thoroughly discussed,

reviewed, and in many cases substantially revised after intensive joint collaboration between Mr. Sadrianna and myself.

13. There was no intent to deceive the court or opposing counsel. In retrospect, after reviewing the advisory opinion No.: 79-7 (attached), the better course would have been for Mr. Sadrianna to have disclosed on the face of the motions and memoranda that they had been prepared with the assistance of counsel, in the manner discussed in the Florida Bar advisory opinion; and it should have been my duty to insist on the inclusion of those disclosures on the face of the motions and memoranda. The failure to have done so was an oversight by both Mr. Sadrianna and myself through sheer ignorance and inadvertence. I did not see the issue raised in the Johnson and Somerset cases, i.e, that *pro-se* litigants are treated differently than litigants with counsel, so that, when a *pro-se* litigant has the assistance of counsel, he gains an unfair advantage on his opponent.

14. Certainly, there was no misleading of the plaintiff in this case. I had a lengthy telephone conference with Mr. Anthony, plaintiff's counsel on September 26, 2002, wherein questions arose as to whether I would be representing Mr. Sadrianna during the course of the litigation and wherein I disclosed the uncertainties of that question and that, in any event, for the moment, I would be representing Mr. Sadrianna on an "informal" basis, pending the completion of steps to finalize (or not) our representation agreement. In fact, Mr. Anthony utilized the occasion of that telephone conference to propose a meeting with Mr. Sadrianna with my assistance and participation. Nor was plaintiff or its counsel placed at any disadvantage by my assistance to Mr. Sadrianna in the preparation of the motions and memoranda. The

resources of the plaintiff are very substantial. Mr. Anthony is a partner in a large and prestigious law firm with abundant personnel resources, outstripping anything available to Mr. Sadrianna, even with the assistance of this humble, sole practitioner.

The court, however, was not so informed, and may have been misled by the appearance that Mr. Sadrianna had received no legal advice or assistance. If so, I profoundly apologize. Certainly, I will never again assist a *pro-se* litigant without insisting that a disclosure be made to the court.

15. Notwithstanding the foregoing, I would urge that it is I that should have known the law and any applicable ethical rules and opinions prior to rendering assistance to Mr. Sadrianna. I did not, and in that regard, I failed in my duty. Mr. Sadrianna, however, was in no way culpable or responsible for any wrongdoing in connection with the preparation or filing of his motions and memoranda. He was, and is, simply a defendant in a complex and expensive civil matter, trying to defend himself within the limit of his resources and trying to do as good a job as he can in meeting the requirements and responsibilities imposed upon litigants by the Court. I do not believe that it ever occurred to Mr. Sadrianna, certainly not to myself, that in attempting to meet those responsibilities, he enjoyed some lesser standard of conduct than that imposed upon litigants with counsel, and I seriously doubt that the plaintiff suffered any prejudice.

16. My intent was not to deceive opposing counsel, the Court or anyone else. Rather, given Mr. Sadrianna's limited resources and the applicable time constraints, I sought to provide him with what assistance I could in helping him defend himself and meet the obligations of this Court in this important adversarial matter. I attempted to help him level the playing field, given his formidable opponents, his lack of resources, and the

constraints of time. If that was wrong, or in any way deceptive, that was my failure and shortcoming. However, the same was unintentional and inadvertent.

17. Mr. Sadrianna, however, should not be sanctioned or punished for having the assistance of counsel and failing to disclose that assistance, by the draconian sanction of having his pleadings stricken. So far as I am aware, there is nothing in the text of any applicable motion or memorandum which was prepared or filed from ill motive or without a meritorious legal and factual basis.

FURTHER AFFIANT SAYETH NAUGHT.

A. Clifton Black
104 South Clyde Avenue
Kissimmee, FL 34741
407-932-1115
Florida Bar No.: 145837

The foregoing instrument was acknowledged before me this 22 day of November, 2002, by A. Clifton Black, who is personally known to me and who did take an oath and who, after first being duly sworn, deposed and said that the statements in the foregoing Affidavit are true and correct.

Sworn to and subscribed to before me this 22 day of November, 2002.

Mary Ann Duncan
Notary Public

MARY ANN DUNCAN
My Comm Exp. 6/27/2003
No. CC 826537
[X] Personally Known [ ] Other I.D.

6

Copr. (C) West 2002 No Claim to Orig. U.S. Govt. Works

FL Eth. Op. 79-7
**(Cite as: 2000 WL 706048 (Fla.St.Bar Assn.))**

Florida State Bar Association
Committee on Professional Ethics
Copyright (C) 2001 by the Florida Bar

*1 Opinion 79-7 (Reconsideration)
February 15, 2000

Any pleadings or other papers prepared by an attorney for a pro se litigant and filed with the court must indicate "Prepared with the Assistance of Counsel." An attorney whoor other filings for a party triggers an attorney-client relationship with that party even if the attorney does not represent the party as attorney of record.

RPC: Rule 4-3.3, 4-8.4, 4-1.1, 4-1.4, 4-1.7, 4-1.10, 4-1.11, 4-1.8(h)
Opinions: 79-7; ABA Informal 1414; Alaska 93-1; New York City 1987-2; North Carolina 114; New York State 613; Virginia 1127
 The Committee has revised its original opinion to clarify its views on "ghosted pleadings." Florida Ethics Opinion 79-7 provides, in pertinent part:
  (1) Is it ethical for an attorney to prepare pleadings without signing as attorney for a party?

\* \* \*

   As to the first question, Florida Rule of Civil Procedure 1.030(a) places a duty upon an attorney of record to sign pleadings prepared by him. However, there is no affirmative obligation on an attorney to sign pleadings prepared by him if he is not an attorney of record. It is not uncommon for a lawyer to offer limited services in assisting a party in the drafting of papers while stopping short of representing the party as attorney of record. Under these circumstances, there is no ethical impropriety if the attorney fails to sign the pleadings.
  The Committee takes the position that any pleadings or other papers prepared by an attorney and filed with the court on behalf of a pro se litigant must clearly indicate that the litigant was aided by an attorney. Specifically, such filings should state, "Prepared with Assistance of Counsel." The Committee does not express an opinion with respect to any other assistance which an attorney might provide to a party.
  County Court Judges who responded to an inquiry from the Committee about Opinion 79-7 expressed concern about pro se litigants who appear before them having received limited assistance from an attorney and having little or no understanding of the contents of pleadings these litigants have filed. Almost unanimously, the judges who responded believed that disclosure of professional legal assistance would prove beneficial, at least where the lawyer's assistance goes beyond helping a party fill out a simple standardized form designed for use by pro se litigants. The Committee concurs.
  As one judge noted, otherwise the attorney would violate his or her duty of candor to the tribunal as set forth in Rule 4-3.3, Rules Regulating The Florida Bar. See also, ABA Informal Opinion No. 1414 (1978) (attorney who assisted pro se litigant in preparing jury instructions, memoranda of authorities and other documents submitted to the Court, violated DR 1-102(A)(4) [FN1], at least until his participation was disclosed to the court; undisclosed participation by lawyer permits litigant to falsely appear as being without substantial professional assistance); New York City Opinion 1987-2 (disclosure not required if the lawyer merely assists pro se litigant in filling out standard forms devised for use by such litigants; however, failure to disclose lawyer's active and substantial assistance to pro se litigant constituted misrepresentation to the court and opposing counsel and was misleading because pro se litigants receive special consideration and preferential treatment from the court); and Alaska Ethics Opinion 93-1 (unless the lawyer merely helped the client fill out forms designed for pro se litigants, the lawyer's assistance to client must be disclosed to the court).
   *2 The Committee also cautions lawyers that assisting pro se litigants by drafting pleadings on their behalf triggers an attorney-client relationship. Accordingly, a lawyer who aids a pro se litigant in such a manner owes

the litigant/client all attendant ethical obligations, including but not limited to, duties of competle 4-1.1), communication (Rule 4-1.4), confidentiality (Rule 4-1.6), and avoidance of conflicts of interest (Rules 4- 1.7, 4-1.9 and 4-1.10). Thus, a lawyer assisting a pro se litigant must, among other things, explain the scope and consequences of the lawyer-client relationship with the client. See also, North Carolina Ethics Opinion 114 (1991) (lawyer who assists pro se litigant forms a lawyer-client relationship and must keep information confidential, avoid conflicts of interest, and otherwise comply with the ethics rules); New York State Opinion 613 (1990) (lawyer who prepares pleadings for pro se litigant must disclose the scope and consequences of the lawyer-client relationship, must adequately investigate the matter and prepare pleadings in good faith, and may not limit malpractice liability); and Virginia Ethics Opinion 1127 (1988) (assisting pro se litigant by preparing pleadings, discovery requests, or briefs creates a lawyer-client relationship and the attorney must therefore comply with rules on limiting liability and on acceptance and termination of employment).

In summary, the Committee concludes that pleadings or other papers prepared by an attorney and filed with the court on behalf of a pro se litigant must indicate "Prepared with Assistance of Counsel." In addition, although lawyer and client may agree that their relationship exists for a limited scope and purpose, to be fully explained to the client, the lawyer nevertheless owes such a client the same ethical obligations owed to any other client.

FN1. DR 1-102(A)(4) mirrors Florida Rule 4-8.4(d), prohibiting conduct prejudicial to the administration of justice.
END OF DOCUMENT