UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 02-61191-CIV-HUCK

MERRILL LYNCH BUSINESS FINANCIAL
SERVICES, INC.

    Plaintiff,
vs.

FRANK L. AMODEO and JAMES
SADRIANNA,

    Defendants.
_____/



## MEMORANDUM IN SUPPORT OF DEFENDANT SADRIANNA'S MOTION TO STRIKE AND COURT'S ORDER TO ADVISE COURT WHETHER SADRIANNA IS BEING ASSISTED BY COUNSEL IN PREPARING DOCUMENTS FILED WITH THE COURT

In Johnson v. Board of County Commissioners, 868 F. Supp. 1226 (D. Colo. 1994) the Colorado court stated that ghost writing is "grounds for striking of pleading and violation of candor owed to the Court in its administration of justice". A Florida case that addresses the same issue is Somerset Pharmaceuticals v. Kimball, 168 F.R.D. 69 (M.D. Fla. 1996) which states in part that ghost writing, "taints the legal process and causes a disparity between the parties".

As stated in the Affidavit of Clifford A. Black (See Exhibit A of Sadrianna's Response to Motion to Strike and Courts Order to Advise Court Whether Sadrianna is being assisted by Counsel in Preparing Documents Filed with the Court") the conduct of activity between the Defendant and Black was not akin to ghost writing. There was no



intent on the Defendant's part or Black's part to taint the legal process or cause a disparity between the Plaintiff and the Defendant.

Not all legal commentators are in agreement that ghost writing taints the legal process. Some ethic opinions on the matter of ghost writing have required the lawyer's name to appear in the pleading (Kentucky Bar Association Opinion E-353, Jan 1991). Others like New York require "Prepared by Counsel" (The Association of the Bar of the City of New York No.1987-2, Committee on Professional and Judicial Ethics, March 23, 1987). Other bar associations find no reason to disclose the lawyer's involvement (Alaska Bar Association No. 93-1, March 19, 1993), (Los Angeles County Bar Association No. 483, March 20, 1995), (Maine Ethics Commission No. 89, August 31, 1988).

The American Bar Association's Informal Opinion 1414 (1978), condemns "extensive undisclosed participation by a lawyer . . . that permits the litigant falsely to appear as being without substantial professional assistance" but the opinion indicates that disclosure is not required where the lawyer does no more than "prepare or assist in the preparation of a pleading for a litigant who is otherwise acting pro se."

The Black Affidavit points out that the Defendant was just seeking legal assistance given his economic circumstances and his lack of litigation experience and the time constraints he found himself under in obtaining counsel and explaining to potential counsel the complexity of the case. The Defendant was not attempting to create an appearance to the Court, Plaintiff or Defendant Amodeo to be a defendant without substantial professional assistance.

Under S.D. Fla. L.R 11.1.C., "The standard of professional conduct of members of the Bar of this Court shall include the current Rules Regulating the Florida Bar." Black is a member of the Florida Bar thus he would be subject to the Local Rules cited above.

Florida Bar Advisory Opinion 79-7, 2000 W.I. 706048 (Fla. Bar. Committee on Professional Ethics, February 15, 2000) states that "Any pleading or other papers prepared by an attorney for a pro se litigant and filed with the court must indicate "Prepared with the Assistance of Counsel". Opinion 79-7 points out that "It is not uncommon for a lawyer too offer limited services in assisting a party in the drafting of papers while stopping short of representing the party as attorney of record. Under these circumstances, there is no ethical impropriety if the attorney fails to sign the pleadings."

As Black Affidavit points out, it was never the intent of the Defendant to gain an unfair advantage over the Plaintiff by not disclosing the giving of assistance and having the Court look favorably upon the Defendant. The Defendant believes that there is nothing in the record to indicate that the Court has treated the Defendant favorably or any better than the Plaintiff at any step in the current litigation.

The Defendant does not believe that the Federal Rules of Civil Procedure or the Florida Ethic Opinions address the issue of the Defendant having to disclose who assisted the Defendant in documents filed with the court (although the Defendant and Black have volunteered the information in this case). The Defendant may seek the advise of other counsel on current and future issues regarding this litigation. It is the Defendant's understanding from the reading of the Local Rules and Ethic Opinion that if such other

lawyers assist the Defendant in the preparation of documents before the court, their names would not have to be revealed.

For the foregoing reasons, Defendant Sadrianna would respectfully move that the Court deny Plaintiff's Motion to Strike, and not require Defendant Sadrianna to reveal the names of other counsel he may use in the future in preparing documents to file before the court, unless required by the Court. Defendant Sadrianna moves that the Court continue to rule, discuss and/or hear oral arguments on all motions previously presented to the Court by Defendant Sadrianna.

Respectfully submitted,

I HERBY CERTIFY that a true and correct copy of the foregoing has been furnished by Express Mail this 25th day of November, 2002 to Counsel for Merrill Lynch, John A. Anthony, Esquire., Gray, Harris, Robinson, Shackleford, Farrior, P. O. Box 3324, Tampa, FL 33601 and to Frank L. Amodeo, 2876 S. Orange Avenue, Suite 500 PMB 1810, Orlando, FL 32806.

James Sadrianna
10025 Chatham Oaks Court
Orlando, FL 32836
Phone          407-351-5033
Facsimile      407-351-1407