

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 02-61191-CIV-HUCK

MERRILL LYNCH BUSINESS FINANCIAL
SERVICES, INC.

Plaintiff,

vs.

FRANK L. AMODEO AND JAMES
SADRIANNA,

Defendants.

_____/

### NOTICE AND EXPLANATION OF COMPLIANCE WITH COURT ORDER OF DECEMBER 2, 2002

Comes now Frank L. Amodeo and files this Notice of Compliance with the District Court Order directing Amodeo to file a motion in the Bankruptcy Court.

On December 12, 2002, Amodeo caused the Debtor to file a motion in the bankruptcy case of Smith International Enterprises, Inc. A copy of this motion is attached to this notice and incorporated herein by reference.

The resolution of this motion should address both the spirit and letter of the District Court's ruling on December 2, 2002. In order to assure objective interpretation of the ruling, Amodeo will file a copy of the transcript of the December 2, 2002 hearing with the Bankruptcy Court. This transcript was ordered on or about December 2, 2002 and is expected during the week of December 16, 2002.

Amodeo believes resolution of this motion will prove dispositive of the District Court's direction and possibly of the entire District Court action.

In order for Merrill Lynch to support Merrill's claim as being fully secured, Merrill will need to affirmatively identify the property which secures Merrill's claim and



the value of such property including any property alienated pre-bankruptcy which might be recovered by the Trustee.

If the property is what the counsel for Merrill Lynch has affirmatively represented - $2,500,000 in accounts receivables, according to Mr. Anthony and $800,000 to $1,600,000 in inventory as stated by Ms. Hoke on December 2, 2002, then Merrill's claim will not only be fully secured but substantially oversecured thus the bankruptcy estate will have a substantial interest in the property and the Trustee should be required to administer the assets in the bankruptcy case.

If, on the other hand, Merrill's collateral consists only of the assets listed by Amodeo in the bankruptcy schedule and reaffirmed by Amodeo's affidavit (filed with the bankruptcy court contemporaneously with this notice) then Merrill has suffered no loss of property. If there was no loss then there are no avoidance actions. Consequently, there would be no value in the Trustee administering these assets and the Trustee should abandon the property. However, this determination would dispose of the entire District Court action since experiencing a loss is an essential element for each substantive count in Merrill's District Court Complaint.

Finally, should Merrill identify property transferred pre bankruptcy in an amount between Merrill's counsel's representations and Amodeo's sworn statements then the bankruptcy court will be in a position to determine the nature of said transactions.

If the transfer was for consideration and just preferential then Merrill will not have an interest in the avoidance action and the bankruptcy trustee should recover the property or property's value for general administration within the bankruptcy.

On the other hand, if the property was conveyed or taken without consideration, the parties and timing of the transfers will have been determined thus resolving the issues of which creditors and stakeholders may have an interest in the assets since such determination is a function of the exact nature of the assets and time of transfer.

The resolution of this bankruptcy motion will address the specifics of the District Court Order.

Respectfully submitted,

        Frank L. Amodeo
        2875 S. Orange Ave.
        Ste 500 PMB 1810
        Orlando, FL  32806
        (407) 254-0079

I certify the foregoing notice as been sent by first class mail this 16th day of December, 2002 to:

1. John Anthony, Esq.
   c/o Gray, Harris et. al
   POB 3324
   Tampa, FL  33601

2. James Sadrianna
   10025 Chatham Oaks Court
   Orlando, FL  32836

        Frank L. Amodeo

RECEIVED
DEC 1 2 2002
CLERK U.S. BANKRUPTCY
ORLANDO, FL

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

SMITH INTERNATIONAL ENTERPRISES,            Case No. 02-04459-6J1
INC., d/b/a AMERIPLAST,

    Debtor.
_____/

## DEBTOR'S MOTION TO DETERMINE SECURED STATUS OF CLAIMS OF MERRILL LYNCH BUSINESS FINANCIAL SERVICES, INC.

The debtor, Smith International Enterprises, Inc., moves, pursuant to section 506(a) of the Bankruptcy Code, to determine the secured status of claims of Merrill Lynch Business Financial Services, Inc. ("Merrill Lynch"), and alleges:

1. Merrill Lynch filed claim 9 in the amount of $1,684,380.79. The claim is either partially secured or wholly secured.

2. Merrill Lynch filed an action in the United States District Court for the Southern District of Florida, Case No. 02-61191-CIV-HUCK, against Frank L. Amodeo, president of the debtor, and James Sadrianna, former treasurer of Signature Graphics, Inc., alleging intentionally fraudulent transfers and other causes of action.

3. An order has been submitted to the district court based on rulings at a hearing held on December 2, 2002. A copy of the proposed order is attached hereto as Exhibit "A." Although no signed order has been received, all parties to the litigation in the district court have consented to the form and content of the order, and the order has been entered. Attached as

Exhibit "B" is a copy of docket entry 43 reflecting entry of the order.

4. Under the terms of the order, Mr. Amodeo has been directed to "cause a motion to be filed by December 12, 2002 to have [this Court] determine whether the property of the underlying action at bar is part of the bankruptcy estate, whether any other parties have a claim upon it and whether the Trustee should commence an adversary proceeding or abandon the property." The property in question is the collateral of Merrill Lynch. This motion is intended to comply with the order of the district court.

WHEREFORE, the debtor requests that this Court determine the extent to which claim 9 filed by Merrill Lynch secured by a lien on property in which the estate has an interest is a secured claim by virtue of the value of Merrill Lynch's interest in the estate's interest in such property and in any property subject to recovery by the estate.

_/s/ P. Hill_
Peter N. Hill
Fla Bar No. 368814
Wolff, Hill, McFarlin & Herron, P.A.
1851 W. Colonial Drive
Orlando, FL 32804
(407) 648-0058
(407) 648-0681

Attorneys for Debtor

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by United States mail this 12th day of December, 2002 to <u>Christine Hoke, Esq., P.O. Box 3324, Tampa, FL 33601</u>; James C. Orr, Trustee, Post Office Box 780519, Orlando, FL 32878-0519; <u>John H. Meininger, II, Esq., P.O. Box 1946, Orlando, FL 32802</u>; Frank Amodeo, c/o Credix Corporation, 2875 S. Orange Avenue, PMB 1810, Orlando, FL 32806; James Sadrianna, 2625 Edgewater Drive, Orlando, FL 32803; James Foster, Esq., P.O. Box 231, Orlando, FL 32802; United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL 32801; Alan Perlman, Esq., 100 SE 2nd Street, 17th Floor, Miami, FL 33131; Daniel Mandel, Esq., 2101 Corporate Boulevard, Suite 300, Boca Raton, FL 33431; Daniel Morman, Esq., 200 South Biscayne Blvd., Suite 1800, Miami, FL 33131; Linda S. Cook, Esq., SBA, 100 S. Biscayne Blvd., Suite 1105, Miami, FL 33131; Patrick Barthet, Esq., 200 S. Biscayne Blvd., Suite 1800, Miami, FL 33131.

_____
Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 02-61191-CIV-HUCK

MERRILL LYNCH BUSINESS FINANCIAL
SERVICES, INC.

    Plaintiff,
vs.

FRANK L. AMODEO and JAMES
SADRIANNA,

    Defendants.
_____/

## ORDER

THIS MATTER having come before the Court on December 2, 2002 upon a Status Conference/ Oral Argument on all pending motions and this Court having heard arguments of Plaintiff Merrill Lynch Business Financial Services, Inc. and the Defendants Frank L. Amodeo and James Sadrianna, reviewed the pleadings, motions, affidavits and being otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED that:

1.     This action is hereby stayed provided that the Defendant Frank L. Amodeo will proceed to cause a motion to be filed by December 12, 2002 to have the Middle District of Florida Bankruptcy Court In Re: Smith International Enterprises, Inc., Case No. 02-04459-6J1, determine whether the property of the underlying action at bar is part of the bankruptcy estate, whether any other parties have a claim upon it and whether the Trustee should commence an adversary proceeding or abandon the property. Defendant

1

EXHIBIT A

Frank L. Amodeo is to provide a Status Report to this court on or before January 12, 2002.

2. The Plaintiff Merrill Lynch Business Financial Services, Inc. may make a reasonable request upon the Defendants to produce documents including, but not limited to, all pre-petition financial documents, inventory lists, deposit slips, bank ledgers, bank statements, cancelled checks and any other documents relevant to this action. The request for documents is to be served no later than December 6, 2002 at noon. The Defendants must produce such documents for copying and inspection no later than December 16, 2002.

3. The Defendant James V. Sadrianna shall notify the Court and the parties of record in the future if any attorney assists him in this action. Based upon the Court's consideration of Mr. Clifton Black's Affidavit and the response submitted by Defendant James Sadrianna, the Plaintiff's Motion to Strike is denied.

4. The Court reserves ruling on all other pending motions in this action.

DONE and ORDERED in Chambers, Miami, Florida, December ___, 2002.

                                                          Paul C. Huck
                                                          United States District Judge

Copies furnished to:

Mr. James Sadrianna via fax 407-351-1407
John A. Anthony, Esq. via fax 813-273-5145
Frank L. Amodeo

| Date | # | Description |
|---|---|---|
| 12/6/02 | 43 | ORDER staying action provided Frank Amodeo will proceed to cause motion to be filed by 12/12/02, setting Status report due on 1/12/02 (See Order for further details.) ( Signed by Judge Paul C. on 12/06/02) [EOD Date: 12/9/02] (nt) [Entry date 12/09/02] |

EXHIBIT B

UNITED STATES DISTRICT COUTR
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 02-61191-CIV-HUCK

MERRILL LYNCH BUSINESS FINANCIAL
SERVICES, INC.

Plaintiff,

vs.

FRANK L. AMODEO AND JAMES
SADRIANNA,

Defendants.

_____/

State of Florida   )
Court of Orange   )

## AFFIDAVIT

I, Frank Amodeo, having been first placed under oath swear and affirm as follows:

### I. Timetable

1. I only became aware of Smith International Enterprises, Inc. on or about April 5, 2002

2. On April 5, 2002, I had a telephone conversation with C. Leo Smith as a result of a referral from the auditing firm of Cuthill and Eddy.

3. On April 19, 2002, C. Leo Smith came to Orlando in order to discuss the acquisition of Smith International Enterprises, Inc. by Signature Graphics, Inc.

4. On April 19, 2002, C. Leo Smith transferred ownership to Primary Strategies Corporation, a subsidiary of Credix Corporation.

5. This transaction took place as a prelude to the sale to Signature Graphics, Inc. because Signature Graphics, Inc. could not consummate the transaction until the following week.

6. On April 22, 2002, Signature Graphics, Inc. agreed to purchase Smith International from Primary Strategies and reimburse Credix and subsidiaries for expenses and investments incurred in the acquisition of Smith International.

7. On April 23, 2002, Signature Graphics, Inc. sent a representative to takeover administration of the Smith International business but not production operations.

8. On April 24, 2002, I was informed by the executives of Smith International, in particular Steven Cinnante, that production would cease without immediate action.

9. Mr. Cinnante and other managers expressed concern that without new financing, existing work-in-progress would be wasted. A consequence of this would be lost customers and additional liability. The additional liability would result because most of these orders had deposits; thus the customers would expect refunds if the orders were not completed.

10. On April 24, 2002, I spoke with creditors of Smith International including Merrill Lynch and apprised them of the circumstances and the impending bankruptcy.

11. On April 25, 2002, I became President of Smith International as part of an agreement with Signature Graphics, Inc.

12. Signature Graphics, Inc. would provide needed management and trade skills. I would act as Smith International's representative in the Bankruptcy action.

13. On Friday, April 26, 2002, after confirming all relevant parties were in agreement, I requested the law firm of Wolf, Hill, McFarlin and Herron, P.A. prepare a petition for Chapter 11 relief on behalf of Smith International.

14. On Tuesday, April 30, 2002, the Chapter 11 bankruptcy case was filed.

## II. Inventory

15. I was informed by the various officers on location at Smith International Enterprises, Inc. that no inventory existed with any market value on or about April 23, 2002.

16. C. Leo Smith and George Sarafianos told me the inventory previously disclosed in financial statements of smith International Enterprises, Inc. was a "made-up" number designed to make it appear SIE was in formula with Merrill Lynch.

17. The only remaining inventory was various partial supplies which SIE officers said had no value; out of an abundance of caution I chose to ascribe a $5,000 value to the supplies because I expected the cardboard and paper had some value even if only for recycling.

18. This inventory remained within and was accounted for in the bankruptcy estate.

## III. Transfer of Assets

19. I did not receive any assets from Smith International Enterprises, Inc. prior to the filing of the Chapter 11.

20. I never authorized C. Leo Smith or any other person to transfer assets of Smith International Enterprises, Inc. to myself or James Sadrianna.

21. I am unaware of any such transfer having happened.

22. This affidavit was prompted by the affidavit of C. Leo Smith filed by Merrill Lynch wherein Mr. Smith claimed an asset transfer occurred between me, individually and Smith International Enterprises, Inc. (of course Mr. Smith failed

to state the nature of the assets, the value of the assets, the dates of transfer and other pertinent information). Even though Mr. Smith's Statement is sworn under oath, the statement is completely false.

### IV. Internal Revenue Service

23. On or about November 29, 2002, I made a formal request of the Internal Revenue Service to audit and investigate Smith International Enterprises, Inc. and its transactions with Signature Graphics, Inc. as well as Credix Corporation and its subsidiaries including Delta Prime Capital Corporation and HRM Enterprises, Inc.

Further Sayeth the Affiant Naught.

```
                                    _____
                                              Frank L. Amodeo
                                                  Affiant
```

Sworn to or subscribed before me by Frank L. Amodeo, who first took an oath on December 16, 2002 and who is personally known to me or produced his driver's license as identification

```
                                    _____
                                       Notary Public, State of Florida
```

Seal:



Ann E. Lee
Commission # CC 808726
Expires Apr. 2, 2003
Bonded Thru
_____ Bonding Co., Inc.