IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO:  02-61191-CIV-HUCK

MERRILL LYNCH BUSINESS FINANCIAL
SERVICES INC.,
         Plaintiff,

v.

FRANK L. AMODEO and JAMES
SADRIANNA,
         Defendants.

_____/

NIGHT BOX
FILED

_____ _ _ 2003

CLARENCE _____
CLERK, USDC / SD___ ___

## MERRILL LYNCH BUSINESS FINANCIAL
## SERVICES INC.'S AMENDED MOTION TO STRIKE
## THE DEFENSES OF FRANK L. AMODEO AND JAMES SADRIANNA

Pursuant to Federal Rule of Civil Procedure 37, the Plaintiff, Merrill Lynch Business

Financial Services Inc. ("Merrill Lynch"), hereby moves this Court to strike the defenses of the

Defendants, Frank L. Amodeo and James Sadrianna  and for sanctions (the "Defendants") for

violating this Court's Orders of December 6, 2003 and February 11, 2003 by continuing to conceal

the documents of Signature Graphics, Inc. and Smith International Enterprises, Inc. in failing to

produce such documents to Merrill Lynch and in support thereof states:

      1.      On December 6, 2003 this Court entered an Order requiring the Defendants to

produce certain documents on or before December 16, 2002 in compliance with Merrill Lynch's

request for production served on December 5, 2002.  The Order is attached hereto as Exhibit "A."

      2.      The Defendants, both former attorneys, aware of the mandate imposed upon them,

intentionally withheld and failed to produce any documents on or before December 16, 2002 and

acted in wilful violation of this Court's Order.

      3.      After numerous requests, on December 27, 2002, the Defendants produced a portion

of the documents, however, wilfully withheld certain documents directly relating to the fraudulent



transfers to Signature Graphics, Inc. and the Defendants, as principal thereof, including Signature

Graphics, Inc.'s General Ledger, twenty-three (23) financial binders, federal individual income tax

returns and other corporate documents, as more fully described in the Notice of Non-Compliance

filed by Merrill Lynch on January 31, 2003. A copy of the Notice of Non-Compliance if attached

hereto as Exhibit "B."

      4.     As a result of the Defendants' violation of this Court's December 6, 2002 Order, this

Court held an oral status conference on February 7, 2003. During that hearing, Mr. Amodeo's only

excuse for failing to produce the document was that he could not afford the copying expense, which

directly conflicted with our offer to pay for such expenses. As a result, this Court entered a second

Order again requiring the Defendants to make the remaining documents available to for copying and

inspection at Ikon Office Solutions no later than Wednesday, February 12, 2003. Included in that

production were to be Signature Graphics, Inc.'s General Ledger, 23 financial binders, the

Defendants' federal income tax return for the years 2000, 2001 and the tax pro forma for 2002, and

other corporate documents. See Order attached hereto as Exhibit "C" that was approved in both

content and form by Defendants.

      5.     On February 12, 2003, the undersigned counsel for Merrill Lynch spoke with Mr. Jay

Philbrick at Ikon Office Solutions at approximately 7:30 p.m. wherein Mr. Philbrick indicated that

only a portion of the documents were produced by Defendants and/or made available for copying.

      6.     On February 13, 2003, Ms. Christine Hoke, undersigned counsel for Merrill Lynch,

attended a document review at Ikon Office Solutions and confirmed that only a portion of the

documents were produced by Defendants. Specifically, the Defendants only produced financial

documents of Signature Graphics, Inc. for the months of April, June and July of 2002; corporate

minutes for May, 2002; and financial documents of certain subsidiaries for the months of April and

June, 2002. In fact, out of the twenty-three (23) financial binders the Defendants only produced seventeen (17) and four (4) of the binders were empty and contained no documentation whatsoever. Specifically, the Defendants failed to make available for copy and inspection Signature Graphics, Inc.'s General Ledger for the time period requested, Mr. Amodeo's individual tax returns for the years 2000, 2001 and tax pro forma for the year 2002, corporate minutes for the time period requested, certain accounts receivable statements, operating account statements, "Book II" of Signature Graphics, Inc. and the other documents as specifically requested in Merrill Lynch's request for production attached hereto as Exhibit "D" and incorporated herein.

7.      Both Mr. Amodeo, whom despite his disbarment and Mr. Sadrianna as a former attorney are aware of the binding effect of this Court's Orders, yet continue to turn a blind eye to this Court the Defendants have wilfully failed to comply with this Court's December 6, 2002 and the February 11, 2003 Orders and intentionally continue to conceal information necessary and relevant to prosecution of this case. Both Defendants although may not be practicing attorneys are inherently lawyers that should be held to a higher standard.

8.      Pursuant to Federal Rule of Civil procedure 37, which states in pertinent part:

(b) Failure to Comply with Order.

(2) Sanctions by Court in Which Action in Pending. If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof . . . or rendering a judgment by default against the disobedient party;

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders.

3

9.     Based on the above, Merrill Lynch requests that this Court strike Defendants' defenses, enter a default judgment against them on all counts and assess monetary sanctions against the Defendants in an amount sufficient to pay the costs unnecessarily incurred by Merrill Lynch in attorneys' fees and costs in attending the oral status conference and in drafting this motion.

WHEREFORE, Merrill Lynch requests this Court enter an Order assessing sanctions against the Defendants, striking their defenses and entering a default judgment against them for their failure to comply with this Court's December 6, 2002 and February 11, 2003 Orders.

JOHN A. ANTHONY, ESQUIRE
Florida Bar Number 0731013
**CHRISTINE M. HOKE, ESQUIRE**
Florida Bar Number 094412
Gray, Harris & Robinson, P.A.
201 N. Franklin Street, Ste. 2200
Tampa, FL 33601
Telephone: 813/273-5000
Facsimile: 813/273-5145
*Attorneys for Merrill Lynch Business Financial Services Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished U.S. Mail to the following: Mr. James Sadrianna, 10025 Chatham Oaks Court, Orlando, Florida, and Mr. Frank L. Amodeo, 2875 South Orange Avenue, Suite 500 PMB 1810, Orlando, Florida on this 28 day of February, 2003.

ATTORNEY

EXHIBIT "A"

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### CASE NO.: 02-61191-CIV-HUCK

MERRILL LYNCH BUSINESS FINANCIAL
SERVICES, INC.

      Plaintiff,

vs.

FRANK L. AMODEO and JAMES
SADRIANNA,

      Defendants.

_____/



## ORDER

THIS MATTER having come before the Court on December 2, 2002 upon a Status Conference/ Oral Argument on all pending motions and this Court having heard arguments of Plaintiff Merrill Lynch Business Financial Services, Inc. and the Defendants Frank L. Amodeo and James Sadrianna, reviewed the pleadings, motions, affidavits and being otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED that:

1.    This action is hereby stayed provided that the Defendant Frank L. Amodeo will proceed to cause a motion to be filed by December 12, 2002 to have the Middle District of Florida Bankruptcy Court In Re: Smith International Enterprises, Inc., Case No. 02-04459-6J1, determine whether the property of the underlying action at bar is part of the bankruptcy estate, whether any other parties have a claim upon it and whether the Trustee should commence an adversary proceeding or abandon the property. Defendant

Frank L. Amodeo is to provide a Status Report to this court on or before January 12, 2002.

2.    The Plaintiff Merrill Lynch Business Financial Services, Inc. may make a reasonable request upon the Defendants to produce documents including, but not limited to, all pre-petition financial documents, inventory lists, deposit slips, bank ledgers, bank statements, cancelled checks and any other documents relevant to this action. The request for documents is to be served no later than December 6, 2002 at noon. The Defendants must produce such documents for copying and inspection no later than December 16, 2002.

3.    The Defendant James V. Sadrianna shall notify the Court and the parties of record in the future if any attorney assists him in this action. Based upon the Court's consideration of Mr. Clifton Black's Affidavit and the response submitted by Defendant James Sadrianna, the Plaintiff's Motion to Strike is denied.

4.    The Court reserves ruling on all other pending motions in this action.

DONE and ORDERED in Chambers, Miami, Florida, December 2, 2002.

Paul C. Huck
United States District Judge

Copies furnished to:

Mr. James Sadrianna via fax 407-351-1407
John A. Anthony, Esq. via fax 813-273-5145
Frank L. Amodeo

2

EXHIBIT "B"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**
**CASE NO:  02-61191-CIV-HUCK**

MERRILL LYNCH BUSINESS FINANCIAL
SERVICES INC.,
                 Plaintiff,

v.

FRANK L. AMODEO and JAMES
SADRIANNA,
                 Defendants.

_____/

## NOTICE OF NON-COMPLIANCE

        The Plaintiff Merrill Lynch Business Financial Services Inc. ("Merrill Lynch") hereby notifies the Court that the Defendant, Frank L. Amodeo has failed to comply with this Court's Order entered on December 6, 2002, requiring the defendant to produce certain documents to Merrill Lynch on or before December 16, 2002, and states:

        1.      On December 6, 2002, this Court entered an Order allowing Merrill Lynch to make a reasonable request upon the Defendants to produce documents including, but not limited to, all pre-petition financial documents, inventory lists, deposit  slips, bank ledgers, bank statements, cancelled checks and any other documents relevant to this action.  The request for documents was to be served no later than noon on December 6, 2002.

        2.      On December 5, 2002, Merrill Lynch served upon the Defendants a Request for Production of Documents in Accordance with Court Order.

        3.      After countless telephone calls to Mr. Frank Amodeo to obtain the documents in compliance with this Court's Order, Mr. Amodeo finally indicated that he would produce twelve (12) bankers boxes to counsel for Merrill Lynch at their Tampa office for inspection.  Mr. Amodeo indicated that he would not produce the documents on or before December 16, 2002 as required in the Order, but instead would produce the documents to counsel's office on December 18, 2002.

4.      In addition, Mr. Amodeo stated that twenty-three (23) binders of financial documents would be produced to a copy service and copies of such documents would be delivered to counsel for Merrill Lynch at their Tampa office.

5.      Subsequent to those conversations, Mr. Frank Amodeo revoked his agreement and indicated that he was unable to produce the twelve (12) bankers boxes to our Tampa office, and would instead produce the documents to copy service in Orlando for copying.    Due to Mr. Amodeo's wavering commitments, we arranged for an immediate inspection of the documents and scheduled the document inspection for December 27, 2002 in Orlando, Florida.

6.      To our astonishment, on December 26, 2002, Mr. Amodeo filed a "Notice of Compliance" with the Court giving the perception to the Court and to the parties of this litigation that he had complied with this Court's Order.  In fact, at the time of filing such notice, Mr. Amodeo had not produced one single document to counsel for Merrill Lynch.  Moreover,  Mr. Amodeo stated in his notice that he "was unable to arrange delivery to Tampa of the boxes" despite the fact that we offered to send a courier to transport the boxes.

7.      On December 27, 2002, we attended a document production at undersigned's office in Orlando where Mr. Amodeo only produced six half bankers boxes for counsel's inspection and failed to produce the twenty-three (23) binders of financial documents that were instead kept in his car, his personal federal income tax returns, the General Ledger for Signature Graphics and Smith International Inc. and documents not in his possession, although nevertheless admittedly within his control.

8.      Subsequently thereto, on January 5, 2003, Mr. Amodeo advised that he would have the remaining documents ready on January 7, 2003, including payroll summaries and financial documents that were supposedly reduced to disc.

9.      After failing to produce any documents on January 7, 2003, Mr. Amodeo stated that he would have the documents "dropped off" to us on January 21, 2003.  After failing that, and after numerous and repeated telephone calls, Mr. Amodeo stated that he would produce certain corporate records if I called again to "arrange" such production.

10.    On January 23, 2003, Mr. Amodeo left a voice mail stating that the copies were not "dropped off" and instead were "mailed" to us.  Moreover, Mr. Amodeo stated that  he would "try to accommodate" the production of the general ledger that was ordered by the Court to be produced on or before December 16, 2002.

11.    Six weeks after the Court's Order, Mr. Amodeo continues to repeatedly ignore our requests, and this Court's Order to produce of the requested documents in this matter.   Mr. Amodeo has set forth several excuses for his non-compliance including that he was unable to ship the documents to Tampa (despite the fact that we offered to send a courier to transport the documents) and that he could not bear pay for the costs (despite the fact that we requested the he bill our office).

12.    Moreover, Mr. Amodeo continues to attempt to shift the responsibility of production onto us by repeatedly asking us to repeatedly call to arrange document production "plans."   In fact, we did arrange a document production and Mr. Amodeo failed to produce the documents at that time

13.    Despite our good faith efforts to resolve this matter, Mr. Amodeo has failed to comply with this Court's Order and failed to produce the following specifically requested documents to Merrill Lynch:

      a.    All documents comprising the official records of the Transferor and the Transferee, including by-laws, corporate minute books, stock transfer ledgers, corporate resolutions, and other evidences of formal action on the part of the board or any other body, articles of incorporation, and any other official documents.

      b.    All monthly (and if applicable) quarterly profit and loss statements for the Transferee and Transferor during any time period during which the Obligations have been outstanding.

      c.    All documents relating to the last five years' financial statements for the Defendants individually, the Transferee, and Transferor whether prepared

in-house or by an outside firm, and whether audited, reviewed, or compiled.

d.    All documents relating to the Transferee and Transferor's pre-petition and post-petition assets, listing to the fullest extent possible the value of assets in terms of book, cost, and/or fair market, as well as any prior asset report generated for any period of time during which the Obligations have been outstanding.

e.    All documents relating to the Transferor and Transferee's pre-petition and post-petition inventory listings for all inventory, including listings for cost and retail value for all items, together with date of purchase.

f.    All documents relating to proof of insurance for all insurable components of the Collateral, including without limitation items listed on the fixed asset schedule and inventory schedule.

g.    All documents evidencing the funding and repayment of any loans to any principals of the Transferor and Transferee, or any other persons or entities, from the date the Obligations were first funded with Merrill Lynch through the present.

h.    All loan, security, and guaranty documents evidencing any lending relationship with any secured lender claiming a lien on any assets of the Defendants, Transferor and Transferee, including any portion of the Collateral.

i.    All documents relating to the Defendants', Transferee and Transferor's last five years' federal income tax returns, as well as any materials that they might have received in connection with any audit during the relevant tax years and any payroll obligations and withholding obligations for employee leasing.

j.    All documents that tend to confirm, rebut, or otherwise relate to any denial that the Defendants may hereafter assert in response to any allegations of the

Complaint.

k.    All documents that tend to confirm, rebut, or otherwise relate to any affirmative defense that the Defendants may hereafter assert in response to any cause of action set forth in the Complaint.

l.    All documents reflecting financial account relationships of the Defendants, Transferee and Transferor with any financial institution, including without limitation Merrill Lynch and Bank of America, and any other financial institution, including monthly financial statements, canceled checks, confirmation of wire instructions, notices and other official documents, deposit slips, corporate resolutions to open or maintain a deposit account, and any other documentation relating to any such account maintained by the Defendants, Transferee or Transferor at any time since the Obligations were first funded.

m.    All documents regarding the value of the Collateral, including documents reflecting any efforts of the Defendants, Transferee, Transferor to (a) refinance the Obligations, (b) obtain investment capital for its business, c) place all or any portion of the Collateral with a broker, or (d) market and/or sell all or any portion of the Collateral.

n.    Any and all pre-petition and post-petition documents, ledgers, lists, statements, computer records, invoices, receipts, and any other documents relating to any and all accounts receivables of the Transferee and Transferor.

o.    Any and all pre-petition and post-petition invoices in the name of Transferee, Transferor and any other business entity.

p.    Any and all pre-petition and post-petition general ledgers, financial statements or any other banking records relating to the Transferee and Transferor's operating accounts, checking accounts, trust accounts or any other bank accounts over the past five years.

correspondence between the Defendants, the Transferee, the Transferor, any third parties, and Lowndes, Drosdick, Doster, Kantor & Reed, P.A. relating to this action and to the bankruptcy action.

14.     To the extent that any documents were produced in regard to any of the above categories, such production was extremely deficient and incomplete and should be treated as a failure to disclose, answer or otherwise respond to Merrill Lynch's request and this Court's Order.

JOHN A. ANTHONY, ESQUIRE
Florida Bar Number 0731013
**CHRISTINE M. HOKE, ESQUIRE**
Florida Bar Number 099412
Gray, Harris & Robinson, P.A.
201 N. Franklin Street, Ste. 2200
Tampa, FL 33601
Telephone: 813/273-5000
Facsimile:  813/273-5145
Attorneys for Merrill Lynch

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via facsimile and U.S. Mail to the following: Mr. James Sadrianna, 10025 Chatham Oaks Court, Orlando, Florida, and Mr. Frank L. Amodeo, 2625 Edgewater Drive, Orlando, Florida on this 31st day of January, 2003.

ATTORNEY

#557600.1/cmh

EXHIBIT "C"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 02-61191-CIV-HUCK

MERRILL LYNCH BUSINESS FINANCIAL
SERVICES INC.,

                  Plaintiff,

vs.

FRANK L. AMODEO and JAMES
SADRIANNA,

                  Defendants.

_____/

## ORDER

THIS MATTER having come before the Court on February 7, 2003 upon a telephonic Status

Conference arising from Merrill Lynch Business Financial Services Inc.'s Notice of Non-

Compliance of this Court's Order of December 6, 2003 requiring Mr. Amodeo to produce certain

documents to Merrill Lynch Business Financial Services Inc., and the Court having heard arguments

of counsel and the Defendants Frank L. Amodeo and James S. Sadrianna, reviewed the pleadings

and the Notice of Non-Compliance, and being otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED that:

1.     The Defendant Frank L. Amodeo shall produce all documents responsive to Merrill

Lynch's Request for Production dated December 5, 2002.   Mr. Amodeo shall make all such

documents available to counsel for Merrill Lynch (to copy) at a copy service no later than the close

of business Wednesday February 12, 2003.   Merrill Lynch shall pay for the copying costs incurred

in the reproduction.

2.     Included as a part of Mr. Admodeo's production shall be the General Ledgers, if in

Amodeo's possession, otherwise Amodeo will advise Merrill Lynch where to obtain the General Ledger, 23 binders of Signature Graphics' financial information, and his personal tax returns for the years 2000, 2001 and proforma for 2002.   Mr. Amodeo may redact corporate names on the tax return for the year 2000, however, shall not redact any other information.

3.   The parties are authorized to engage in discovery in In re Smith International Enterprises, Inc. a/k/a Ameriplast, Case No. 02-04459-6J7, pending in the Middle District of Florida, Orlando Division, and that discovery is to be crossed-noticed in both this proceeding and the referenced Bankruptcy Proceeding.

DONE and ORDERED this _____ day of February, 2003, in Miami, Dade County, Florida.

_____
Paul C. Huck
United States District Judge

cc:   John A. Anthony, Esq.
      Frank L. Amodeo
      James Sadrianna

CMHOKE - # 550494.1

EXHIBIT "D"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
CASE NO: 02-61191-CIV-HUCK

MERRILL LYNCH BUSINESS FINANCIAL
SERVICES INC.,

        Plaintiff,

v.

FRANK L. AMODEO and JAMES
SADRIANNA,

        Defendants.

_____/

## REQUEST FOR PRODUCTION OF
## DOCUMENTS IN ACCORDANCE WITH COURT ORDER

Pursuant to this Court's Order of December 2, 2002, the plaintiff, Merrill Lynch Business

Financial Services Inc. ("Merrill Lynch"), by and through its undersigned attorney, hereby requests

that the Defendants Frank L. Amodeo and James Sadrianna, (collectively the "Defendants") produce

to Merrill Lynch, at the offices of its undersigned counsel at 201 N. Franklin Street, Suite 2200,

Tampa, Florida 33602, on or before December 16, 2002, for the purpose of inspection and copying,

the following described categories of documents listed below (the "Documents"), in compliance with

the definitions and instructions additionally set forth herein.

## I. DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions are to be used or referred to in connection with

the Defendants' responses to "Merrill Lynch Business Financial Services Inc.'s First Request for

Production of Documents to Frank L. Amodeo and James Sadrianna (referred to herein as, the

"Document Request").

1.      The term "Merrill Lynch" shall refer to Merrill Lynch Business Financial Services Inc., and all other related corporations, together with any officer, director, employee, accountant, attorney, or other agent of Merrill Lynch.

2.      The term "Amodeo" shall refer to Frank L. Amodeo, together with any employee, accountant, attorney, Trustee or other agent of Frank L. Amodeo.

3.      The term "Sadrianna" shall refer to James Sadrianna, together with any employee, accountant, attorney, Trustee or other agent of James Sadrianna.

4.      The term "Parties" shall refer to the parties to this action, Merrill Lynch, Frank L. Amodeo, James Sadrianna, or any combination of the same, together with all of their officers, directors, employees, accountants, attorneys or law firms, and all of their respective agents.

5.      The term "this Action" shall refer to the state court action styled <u>Merrill Lynch Business Financial Services Inc. v. Frank L. Amodeo and James Sadrianna</u>, Case No. 02-61191-CIV-HUCK initiated on about August 23, 2002, and pending in the United States District Court, Middle District of Florida, Ft. Lauderdale Division.

6.      The term "Bankruptcy Action" shall refer to the action styled <u>In Re: Smith International Enterprises, Inc.</u>, Case No. 02-04459-6JI initiated on about April 30, 2002, and pending in the United States Bankruptcy Court, Orange County, Florida.

7.      The term "Complaint" shall refer to the verified complaint initiating this action filed on or as of August 23, 2002.

8.      The term "Collateral" shall refer to the collateral/ property, tangible and intangible, owned by Smith International Enterprises, Inc. d/b/a Ameriplast on March 29, 2000, and that is the subject of the Complaint's fraudulent transfer counts, together with all other categories of property

2

of the Borrower specifically described in paragraph 15 of the Complaint.

9.      The term "communication" shall mean every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

10.     The term "control," when applied to a business entity, shall mean the ownership, individually, singly, or together with a spouse (as co-owners, as tenants by the entireties, or otherwise), or in conjunction with any person, partnership, corporation, or other business entity (to the extent also so controlled) of more than half of the authorized, issued, and outstanding shares of such business entity.  This term shall also include de facto control of such business entity, including exercise of day-to-day responsibility for business or financial affairs of such business entity.

The term "identify,"

I.      when used in reference to any individual person, shall mean to state that individual's full name, present address, present employer, and occupation;

ii.     when used in reference to a person other than an individual person, shall mean to state the legal nature of that person (e.g., a corporation, partnership, trust, estate, association, company), and to state its full name, address, and principal place of business; and

iii.    when used in reference to a document (or documents), shall mean to state the document's author, signatory, addressee, title, date, and page length.

11.     The term "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any information which might otherwise be construed to be outside their scope.

3

12.     The term "document" shall mean any and all information in tangible form, including without limitation, all letters, telegrams, telexes, teletypes, correspondence, e-mail transmissions and comparable computerized communications, contracts, drafts, agreements, notes to file, reports, memoranda, electrical or mechanical recordings or transcripts of such recordings, blueprints, flowsheets, calendar or diary entries, memoranda of telephone or personal conversations, memoranda or meetings or conferences, studies, reports, intraoffice communications, manuals, newsletters, compilations, charts, graphs, propositions, bids, articles, announcements, newspaper clippings, books, records, tables, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, promissory notes, evidence of indebtedness, and all drafts and copies of documents as herein defined, by whatever means made.

13.     The term "Loan Documents" and "Obligations" shall refer to the documents that are copied and included as Exhibits to the Complaint, upon which Merrill Lynch has sought recovery of the Obligations.

14.     The term "produce" means for the Borrower to make available the documents required herein for inspection and copying in the order they are kept in the usual course of business or in an order that corresponds with the categories of this request or labeled as such.

15.     The term "related to" or any form thereof means to embody, record, refer to, concern, reflect, or in any manner involve or otherwise implicate the subject matter of the Document Request.

16.     The term "Transferor" shall refer to Smith International Enterprises, Inc. d/b/a Ameriplast, Frank L. Amodeo, James Sadrianna, their agents, principals, attorneys, accountants, assigns, employees and any other agents of Smith International Enterprises, Inc. d/b/a Ameriplast, Frank L. Amodeo and James Sadrianna.

17.     The term "Transferee" shall refer to Signature Graphics, Inc., Frank L. Amodeo and James Sadrianna, their agents, principals, attorneys, accountants, assigns, employees and any other agents of Signature Graphics, Inc., Frank Amodeo and James Sadrianna.

18.     To the extent that the Defendants are unable to respond to any of the following Documents Requests, they must set forth in detail the reasons why they cannot do so.

19.     The Defendants may not give lack of information or knowledge as a reason for failure to respond to any of the Document Requests, unless they state they have made reasonable inquiry and that information known or readily obtainable by them is insufficient to enable the Defendants to respond.

20.     To the extent that the Defendants consider any of the following Document Requests to be objectionable, the Defendants must respond to so much of such Document Request, or each part thereof, as is not objectionable, in its view.  The Defendants must then separately identify each such objectionable Document Request, or each part thereof, and state the grounds upon which it bases such objection.

21.     The repetition of definitions or instructions herein is intended to assist the Borrower in responding to and complying with the Document Request; however, such repetition shall in no way limit the application of the definitions herein.

22.     Any defined term contained herein may be used, when applicable, in its possessive or plural form as reasonably applicable, as well as in masculine, feminine, or neuter form.

23.     Unless otherwise indicated, all responses to the Document Request shall pertain to (and should therefore describe, identify, or recount, as necessary) applicable events, occurrences, situations, states, or conditions as they are or have been through the due date of this discovery.

5

## II. CATEGORIES OF DOCUMENTS TO BE PRODUCED

1.      All documents relating to and/or evidencing any communications between or among any of the Parties from six (6) months before the first Merrill Lynch Loan to present.

2.      All correspondence between the Defendants Frank L. Amodeo and James Sadrianna and Merrill Lynch relating the Loan Documents and Obligations.

3.      All documents comprising the official records of the Transferor and the Transferee, including by-laws, corporate minute books, stock transfer ledgers, corporate resolutions, and other evidences of formal action on the part of the board or any other body, articles of incorporation, and any other official documents.

4.      All monthly (and if applicable) quarterly profit and loss statements for the Transferee and Transferor during any time period during which the Obligations have been outstanding.

5.      All documents relating to the last five years' financial statements for the Defendants individually, the Transferee, and Transferor whether prepared in-house or by an outside firm, and whether audited, reviewed, or compiled.

6.      All documents relating to the Transferee and Transferor's pre-petition and post-petition assets, listing to the fullest extent possible the value of assets in terms of book, cost, and/or fair market, as well as any prior asset report generated for any period of time during which the Obligations have been outstanding.

7.      All documents relating to the Transferor and Transferee's pre-petition and post-petition inventory listings for all inventory, including listings for cost and retail value for all items, together with date of purchase.

8.      All documents relating to proof of insurance for all insurable components of the

Collateral, including without limitation items listed on the fixed asset schedule and inventory schedule.

9.      All documents evidencing the funding and repayment of any loans to any principals of the Transferor and Transferee, or any other persons or entities, from the date the Obligations were first funded with Merrill Lynch through the present.

10.      All loan, security, and guaranty documents evidencing any lending relationship with any secured lender claiming a lien on any assets of the Defendants, Transferor and Transferee, including any portion of the Collateral.

*(C.P.A.)*
*Company*

11.      All documents relating to the Defendants', Transferee and Transferor's last five years' federal income tax returns, as well as any materials that they might have received in connection with any audit during the relevant tax years and any payroll obligations and withholding obligations for employee leasing.

12.      All documents that tend to confirm, rebut, or otherwise relate to any denial that the Defendants may hereafter assert in response to any allegations of the Complaint.

13.      All documents that tend to confirm, rebut, or otherwise relate to any affirmative defense that the Defendants may hereafter assert in response to any cause of action set forth in the Complaint.

14.      All documents reflecting financial account relationships of the Defendants, Transferee and Transferor with any financial institution, including without limitation Merrill Lynch and Bank of America, and any other financial institution, including monthly financial statements, canceled checks, confirmation of wire instructions, notices and other official documents, deposit slips, corporate resolutions to open or maintain a deposit account, and any other documentation relating to any such account maintained by the Defendants, Transferee or Transferor at any time since the

7

Obligations were first funded.

15.     All documents regarding the value of the Collateral, including documents reflecting any efforts of the Defendants, Transferee, Transferor to (a) refinance the Obligations, (b) obtain investment capital for its business, ©) place all or any portion of the Collateral with a broker, or (d) market and/or sell all or any portion of the Collateral.

16.     Any and all pre-petition and post-petition documents, ledgers, lists, statements, computer records, invoices, receipts, and any other documents relating to any and all accounts receivables of the Transferee and Transferor.

17.     Any and all pre-petition and post-petition invoices in the name of Transferee, Transferor and any other business entity.

18.     Any and all pre-petition and post-petition general ledgers, financial statements or any other banking records relating to the Transferee and Transferor's operating accounts, checking accounts, trust accounts or any other bank accounts over the past five years.

19.     Any and all receipts, bills of sale, invoices, and any other documents and records relating to the transfer, sale, loan, gift or purchase of any Collateral or assets from the Transferor to any business entity, including the Transferee, Quantar Communications, VDX Services, Inc. a/k/a Visible Diminsions, Inc. and Davis Digital Printing, Inc. over the past three (3) years.

20.     Any documents relating to the Sharing Arrangement or Joint Venture Agreement entered into between the Transferor and Transferee on about May 22, 2002.

21.     Any and all documents, invoices, bills, statements, or any other documents relating to the liabilities of the Transferor and Transferee pre-petition and post petition.

22.     Any and all non-privileged documents, invoices, legal statements and correspondence

8

between the Defendants, the Transferee, the Transferor, any third parties, and Lowndes, Drosdick,

Doster, Kantor & Reed, P.A. relating to this action and to the bankruptcy action.

JOHN A. ANTHONY, ESQUIRE
Florida Bar Number 0731013
**CHRISTINE M. HOKE, ESQUIRE**
Florida Bar Number 094412
Gray, Harris & Robinson, P.A.
201 N. Franklin Street, Ste. 2200
Tampa, FL 33601
Telephone: 813/273-5000
Facsimile: 813/273-5145
Attorneys for Merrill Lynch

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via

facsimile and U.S. Mail to the following: Mr. James Sadrianna, 10025 Chatham Oaks Court,

Orlando, Florida, and Mr. Frank L. Amodeo, 2625 Edgewater Drive, Orlando, Florida on this 5th day

of December, 2002.

ATTORNEY